**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| Donald W. DeYoung, individually and on behalf of a class of similarly situated individuals, | |
| Plaintiff, | Case No.  1:20-cv-01253 |
| -vs- | |
| Laboratory Corporation of America, LCA Collections and Laboratory Corporation of America Holdings, | |
| Defendant. | |

**<u>CLASS ACTION COMPLAINT</u>**

NOW COMES Plaintiff Donald W. DeYoung, by and through his undersigned counsel and submits the following claims against the above named Defendants:

**I. Parties, Jurisdiction and Venue**

1.      Plaintiff Donald W. DeYoung ("Plaintiff") is a natural person residing in Jarrell, Texas. Plaintiff has filed this lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA").

2.      Federal jurisdiction exists pursuant to Section 1692k(d) of the FDCPA.

3.      Defendant Laboratory Corporation of America ("Defendant LCA") is a Delaware corporation.

4.      According to the Delaware Department of State's Division of Corporation's website, Defendant LCA's Delaware based registered agent is listed as Corporate Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5.      Defendant Laboratory Corporation of America Holdings is a Delaware corporation ("Defendants LCAH").

6.      According to the Delaware Department of State's Division of Corporation's

website, Defendant LCAH's Delaware based registered agent is Corporate Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7.     One or more of the Defendants mailed a letter to Plaintiff where the letter was dated March 28, 2020 (hereafter the "Collection Letter" or the "form Collection Letter") where the Collection Letter attempted to collect a "debt" from Plaintiff where the term "debt" has the same meaning as set forth by Section 1692a(5) of the FDCPA.

8.     The Collection Letter states that Defendant LCA Collections is the "In-House Division of Laboratory Corporation of America".

9.     In mailing the Collection Letter in an attempt to collect the subject debt, one or more of the Defendants violated the prohibitions set forth by Sections 1692e, e(2), e(5), e(8), e(10), e(11), e(12), e(14), f and g of the FDCPA.

10.    Subject matter jurisdiction is conferred upon this Court by Section 1692k(d) of the FDCPA and 28 U.S.C. §§1331 and 1337, as the civil action arises under the laws of the United States.

11.    Supplemental jurisdiction exists because Plaintiff has asserted a claim pursuant to the Texas Debt Collection Practices Act ("TDCA"). See, Tex. Fin. Code § 392.304.

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff resides in this judicial district and Defendant caused the Collection Letter to be mailed to Plaintiff's postal address which is located within this jurisdiction.

## II. Summary of the FDCPA and Certain Statutorily Defined Terms

13.    Section 1692 of the FDCPA identifies "Congressional findings" and a "declaration of purpose".  15 U.S.C. § 1692.

14.    One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

15.    In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

16.    Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

17.    The FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

18.    Section 1692a(2) of the FDCPA defines the term "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."

19.    As set forth below, one or more of the Defendants mailed or participated in mailing Plaintiff one or more communications conveying of information regarding a debt allegedly owed by Plaintiff.

20.    Section 1692a(3) of the FDCPA defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt".

21.    As set forth below, one or more of the Defendants regarded Plaintiff as being obligated or allegedly obligated to pay a debt owed to one or more of the Defendants.

22.    Section 1692a(4) of the FDCPA defines the term "creditor" to mean "any person who offers or extends credit creating a debt or to whom a debt is owed[.]"

23.    Section 1692a(5) of the FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction

in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]"

24.     As set forth below, one or more of the Defendants regarded "LabCorp" and/or "Laboratory Corporation of America" as a creditor to whom Plaintiff allegedly owed a consumer based "debt" as this terms is defined by Section 1692a(5) of the FDCPA.

25.     Section 1692a(6) of the FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

26.     Section 1692a(6) of the FDCPA also provides that "the term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

27.     As set forth below, one or more of the Defendants acted as a debt collector as this term is defined by Section 1692a(6) of the FDCPA in attempting to collect the subject debt from Plaintiff.

28.     The Collection Letter at issue in this case is a form letter that is commonly used by Defendants to purported collect laboratory "debt[s]" from "consumer[s]" throughout this judicial district and the districts that fall under the jurisdiction of the Fifth Circuit Court of Appeals as the terms "debt" and "consumer" are defined by the FDCPA.

### III. March 28, 2020 Collection Letter

29.     A true and accurate image of the subject Collection Letter is depicted

4

below:



30.     The Collection Letter lists an "Invoice Date" of /3/28/20 identifies Plaintiff

as a "Patient" and reflects a "Past Due" amount of $50.75.

31.    The Collection Letter refers to a "**Date of Service**" of 01/22/20 and states: "**Test requested by: Georgetown Medical Clinic**".

32.    "LCA Collections" is a name, other than "Laboratory Corporation of America", that is utilized by Defendant LCA to collect consumer debts allegedly owed to Laboratory Corporation of America by consumers.

33.    By using "LCA Collections" to collect consumer based laboratory debts, Defendant LCA intended to convey the impression that *another company* was collecting or attempting to collect debts allegedly owed to Defendant LCA.

34.    Defendant LCA uses the name of "LCA Collection" to collects bills resulting from laboratory services performed by Defendant LCA to assist in the treatment and diagnosis of medical conditions.

35.    In large font, the Collection Letter states "Immediate Payment Required" in white font over a grey background.

36.    Below this statement, the Collection Letter states:

**We are contacting you because**:

- Your account is past due. Our records indicate your debt to LabCorp has not been satisfied and is seriously past due.
- Failure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score.
- LabCorp reserves the right to refuse laboratory services for failure to pay past due balances.

37.    Below this statement, the Collection Letter contains the heading "Please Note:" and states that "[t]his bill is for laboratory work requested by your physician."

38.    Despite using the words "LabCorp", the Collection Letter does not explain what it means by the word "LabCorp", nor is "LabCorp" identified as the creditor to whom the subject past due amount is owed.

39.    Despite claiming that "[o]ur records indicate your debt to LabCorp has not

been satisfied and is seriously past due", the Collection Letter does not explain whether or how Plaintiff incurred a debt with LabCorp.

40.    At no point in time prior to receiving the Collection Letter was Plaintiff clearly informed that any laboratory services would be processed by an entity that was not affiliated with his physician's office.

41.    At no point in time prior to receiving the Collection Letter was Plaintiff told that any lab work would be performed and billed by any outside entity.

42.    At no point in time prior to receiving the Collection Letter was Plaintiff clearly informed that any laboratory services requested, performed or ordered by his physician's office would be processed by LabCorp.

43.    At no point in time prior to receiving the Collection Letter was Plaintiff clearly informed that LabCorp would be involved in performing lab work.

44.    At no time did Plaintiff enter into any contract with LabCorp.

45.    Plaintiff did not know that he would receive a bill from LabCorp prior to receiving the Collection Letter.

46.    At no time did Plaintiff preauthorize any charges or lab work to be performed by LabCorp.

47.    Despite never agreeing to receive lab services from LabCorp, the Collection Letter threatened Plaintiff in violation of FDCPA by stating that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances."

48.    Despite claiming that the Collection Letter was sent by "LCA COLLECTIONS," the Collection Letter directed that payment should be made payable to "LABORATORY CORPORATION OF AMERICA" at "P.O. Box 2240, Burlington, North Carolina."

49.    The Collection Letter was a "communication" as defined by Section

1692a(2) of the FDCPA because the Collection Letter "convey[ed] ... information regarding a debt directly".

50.    In mailing the Collection Letter to Plaintiff, Defendants regarded Plaintiff to be a "consumer" as this term is defined by Section 1692a(3).

51.    By stating in the body of the Collection Letter that Plaintiff was a "Patient" and identified a "Past Due" amount of $50.75 for laboratory services, Defendants regarded Plaintiff as owing a "debt" as this term is defined by Section 1692a(5).

52.    In attempting to collect a "debt" from Plaintiff that allegedly arose from the provision of laboratory services, Defendant LCA Collections acted as a debt collector as this term is defined by Section 1692a(6) because it mailed the Collection Letter to Plaintiff to collect the subject debt, and its principal purpose is the collection of defaulted consumers debts.

53.    Defendant LCA acted as a "debt collector" as this term defined by Section 1692a(6) because LCA, in causing or allowing the subject Collection Letter to identify "LCA Collections", used a name other than its own which tended to "indicate that a third person [was] collecting or attempting to collect" the subject debt.

54.    Defendant LCA is not a creditor as this term is defined by Section 1692a(4) of the FDCPA because it did not "offer[] or extend[] credit creating a debt" with regard to Plaintiff. "any person . . .to whom a debt is owed[.]"

55.    For the reasons set forth above, Defendant LCA is not a creditor as this term is defined by Section 1692a(4) of the FDCPA because in relation to Plaintiff and other consumers like him, the facts do not clearly demonstrate that Defendant LCA is "any person . . .to whom a debt is owed[.]"

56.    The Collection Letter does not identify which, if any entity mentioned on the face of the Collection Letter is a "creditor" of the "Past Due" amount as required by

Section 1692g(a)(2) of the FDCPA.

57.     By failing to properly identify the creditor to whom the subject debt is owed, in addition to failing to following and violating Section 1692g(a)(2) of the FDCPA, Defendants violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA.

58.     Defendants LCAH is vicariously liable for the conduct of Defendants Laboratory Corporation of America and LCA Collections.

### IV. Class Action Allegations

59.     Sufficient numerosity exists with regard to Defendants' use of the form collection letter, because within the past twelve (12) months, one or more of the Defendants mailed collection letters to more than forty (40) consumers within this judicial district and/or the judicial districts that fall under the jurisdiction of the Fifth Circuit Court of Appeals where the collection letters attempted to collect laboratory "debt[s]" from "consumer[s]" as the terms "debt" and "consumer" are defined by the FDCPA.

60.     While the amounts purportedly owed may differ and the time of the laboratory services may differ, the general language of each collection letter remained the same.

61.     To the extent the physician's office listed on each letter may differ, the general language of each collection letter remained the same.

62.     The wording and legality of Defendants' form collection letter share common characteristics such that the claims of Plaintiff are common and typical the proposed class members.

63.     When deciding whether a debt-collection letter violates the FDCPA, the court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377

F.3d 488, 495 (5th Cir. 2004). "That is, . . . [the court] must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Id.* "At the same time [the court] do[es] not consider the debtor as tied to the very last rung on the intelligence or sophistication ladder." *Id.* (internal quotation marks and alteration omitted).

64.     The least sophisticated consumer standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997).

65.     Plaintiff does not have any uncommon or atypical conduct or defenses relative to the proposed class members.

66.     Plaintiff and his counsel (Omar T. Sulaiman and James C. Vlahakis) will fairly and adequately prosecute this proposed class action.

67.     For example, both Mr. Vlahakis and Mr. Sulaiman are experienced consumer class action litigators. In particular, Mr. Vlahakis is specially qualified, as he has extensive experience in prosecuting and defending consumer based class actions. Mr. Vlahakis once defended consumer class actions as an associate and partner of the nationally recognized consumer class action defense firm of Hinshaw & Culbertson, LLP during the years 1998 to 2017. After a nearly twenty year career defending consumer class actions, Mr. Vlahakis moved to the consumer side where he was appointed to serve as a Steering Committee Member in the provisionally certified case of *In re: Apple Inc. Device Performance Litigation,* 18-MD-02827 (N.D. Cal. 5/15/18). As a member of the Steering Committee, Mr. Vlahakis represented approximately 24 class representatives

in the proposed class action related to Apple's practice of "throttling" down the performance of older model iPhones.

68.     Mr. Vlahakis is well qualified to litigate the present matter as class counsel because he has:

    a.   defended well over a hundred consumer-based claims;

    b.   in conjunction with class counsel, Mr. Vlahakis has obtained court approval of multi-million-dollar Telephone Consumer Protection Act based class action settlements. *See, e.g.,In Re Capital One Telephone Consumer Protection Act Litigation*, 12-cv-10064 (N.D. Ill.) ($75 million dollar settlement); *Prater v. Medicredit, Inc.*, 14-cv-0159 ($6.3 million dollar TCPA settlement); *INSPE Associates v. CSL Biotherapries, Inc.* 08-cv-0837 (N.D. Ill.) ($3.5 million fax based settlement);

    c.   in conjunction with class counsel, Mr. Vlahakis has gained court approval of a dozen FDCPA based class action settlements. *See, e.g., Wood v. State Collection Service, Inc.*, 15-cv-0475 (S.D. Ind. 01/29/16); *Long v. Fenton & McGarvey Law Firm,* (S.D. Ind. 02/23/17);

    d.   defeated a TCPA class certification motion in *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013);

    e.   decertified a provisionally certified TCPA class action in *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012);

    f.   obtained reversal of a 12(b)(6) motion to dismiss an FDCPA class action premised on a violation of Section 1692f(8) of the FDCPA in the case of *Preston v. Midland Credit Mgmt., Inc.*, 948 F.3d 772 (7th Cir. 2020); and

    g.   obtained favorable declaratory relief before the Federal Communication Commission ("FCC") relative to a TCPA junk facsimile-based cause of action (*see* FCC's Order of October 30, 2014, FCC14-164, in CG Docket Nos. 02-278 and 05-338).

69.     Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## V. Causes of Action

### Count I – Violations of §1692e

70.     Plaintiff incorporates the above allegations as if fully set forth below in this Count:

71.     Section 1692e of the FDCPA broadly and generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

72.     As set forth above, Plaintiff never agreed to receive or be billed for lab services from LabCorp and never understood that LabCorp was performing lab services.

73.     The subject Collection Letter failed to properly identify the creditor to whom the subject debt was owed to and

74.     By failing to properly identify the creditor to whom the subject debt is owed, in addition to failing to following and violating Section 1692g(a)(2) of the FDCPA, Defendants violated Section 1692e of the FDCPA.

75.     Despite Plaintiff never knowingly agreed to receive or be billed for lab services from LabCorp, the Collection Letter refers to "LabCorp" and fails to explain what it means by the word "LabCorp", nor is "LabCorp" identified as the creditor to whom the subject debt is allegedly owed.

76.     The Collection Letter stated "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due".

77.     Plaintiff was distressed and confused when he read the above statement because the Collection Letter did not explain whether or how Plaintiff allegedly incurred a subject debt with LabCorp.

78.     Despite never agreeing to receive lab services from LabCorp, Defendants violated Section 1692e of the FDCPA by stating in the form Collection Letter that

"LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

79. Plaintiff was scared when he read this statement because he had health care needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

80. Defendants acted in violation of Section 1692_ of the FDCPA by threatening stating that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

81. As set forth above, the complained of conduct violated Section 1692e of the FDCPA and caused Plaintiff to suffer concreate and particularized injuries that can be remedied on an individual and class wide basis.

82. Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of similar form debt collection letters to consumers violated Section § 1692e of the FDCPA.

83. WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

    a. Declare that subject form Collection Letter violates Section 1692e of the FDCPA;

    b. Declare that Plaintiff and his counsel have satisfied all of the

elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

c. In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

d. Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

e. Award Plaintiff reasonable attorney's fees and costs.

**Count II – Violations of §1692e(2)(A)**

84.     Plaintiff incorporates the above allegations as if fully set forth below in this Count:

85.     Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making any "false representations of – (A) the character, amount, or legal status of any debt".

86.     As set forth above, Plaintiff never agreed to receive or be billed for lab services from LabCorp and never understood that LabCorp was performing lab services.

87.     The subject Collection Letter failed to properly identify the creditor to whom the subject debt was owed.

88.     By failing to properly identify the creditor to whom the subject debt is owed, in addition to failing to following and violating Section 1692g(a)(2) of the FDCPA, Defendants violated Section 1692e(2) of the FDCPA.

89.     Despite Plaintiff never knowingly agreed to receive or be billed for lab services from LabCorp, the Collection Letter refers to "LabCorp" and fails to explain what it means by the word "LabCorp", nor is "LabCorp" identified as the creditor to whom the subject debt is allegedly owed.

90.     The Collection Letter stated "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due".

91.     Plaintiff was distressed and confused when he read the above statement because the Collection Letter did not explain whether or how Plaintiff allegedly incurred a subject debt with LabCorp.

92.     Despite never agreeing to receive lab services from LabCorp, Defendants violated Section 1692e(2) of the FDCPA by stating in the form Collection Letter that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

93.     Plaintiff was scared when he read this statement because he had health care needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

94.     Defendants acted in violation of Section 1692e(2) of the FDCPA by threatening stating that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

95.     As set forth above, the complained of conduct violated Section 1692e(2) of the FDCPA and caused Plaintiff to suffer concreate and particularized injuries that can be remedied on an individual and class wide basis.

96.     Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants'

use of similar form debt collection letters to consumers violated Section § 1692e(2)(A) of the FDCPA.

97.     WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

a.  Declare that subject form Collection Letter violates Section 1692e(2)(A) of the FDCPA;

b.  Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

c.  In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

d.  Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

e.  Award Plaintiff reasonable attorney's fees and costs.

**Count III – Violation of 1692e(5)**

98.     Plaintiff incorporates the above allegations as if fully set forth below in this Count:

99.     Section 1692e(5) of the FDCPA prohibits debt collectors from "threat[ing] to take any action that cannot legally be taken or that is not intended to be taken."

100.    As set forth above, Plaintiff never agreed to receive or be billed for lab services from LabCorp and never understood that LabCorp was performing lab services.

101.    The Collection Letter stated "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due".

102.    Plaintiff was distressed and confused when he read the above statement

because the Collection Letter did not explain whether or how Plaintiff allegedly incurred a subject debt with LabCorp.

103.   Despite never agreeing to receive lab services from LabCorp, Defendants violated Section 1692e(5) of the FDCPA by stating in the form Collection Letter that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

104.   Plaintiff was scared when he read this statement because he had health care needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

105.   Defendants acted in violation of Section 1692e(5) of the FDCPA by threatening stating that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

106.   As set forth above, the complained of conduct violated Section 1692e(5) of the FDCPA and caused Plaintiff to suffer concreate and particularized injuries that can be remedied on an individual and class wide basis.

107.   Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of similar form debt collection letters to consumers violated Section § 1692e(5) of the FDCPA.

108.   WHEREFORE, for the reasons set forth above, Plaintiff respectfully

requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

    a. Declare that subject form Collection Letter violates Section 1692e(5) of the FDCPA;

    b. Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    c. In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    d. Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

    e. Award Plaintiff reasonable attorney's fees and costs.

### Count IV – Violations of § 1692e(8)

109. Plaintiff incorporates the above allegations as if fully set forth below in this Count:

110. Section 1692e(8) of the FDCPA prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false[.]"

111. As set forth above, Plaintiff never agreed to receive or be billed for lab services from LabCorp and never understood that LabCorp was performing lab services.

112. The Collection Letter stated "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

113. Plaintiff was distressed and confused when he read the above statement

because the Collection Letter did not explain whether or how Plaintiff allegedly incurred a subject debt with LabCorp.

114.   Despite never agreeing to receive lab services from LabCorp, Defendants violated Section 1692e(8) of the FDCPA by stating in the form Collection Letter that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

115.   Plaintiff was scared when he read this statement because he had health care needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

116.   As set forth above, the complained of conduct violated Section 1692e(8) of the FDCPA and caused Plaintiff to suffer concreate and particularized injuries that can be remedied on an individual and class wide basis.

117.   Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of similar form debt collection letters to consumers violated Section § 1692e(8) of the FDCPA.

118.   WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

      a.  Declare that subject form Collection Letter violates Section 1692e(8) of the FDCPA;

      b.  Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form

Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

c.  In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

d.  Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

e.  Award Plaintiff reasonable attorney's fees and costs.

**Count V – Violations of §1692e(10)**

119.   Plaintiff incorporates the above allegations as if fully set forth below in this Count:

120.   Section 1692e(10) of the FDCPA prohibits debt collectors from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

121.   As set forth above, Plaintiff never agreed to receive or be billed for lab services from LabCorp and never understood that LabCorp was performing lab services.

122.   The subject Collection Letter failed to properly identify the creditor to whom the subject debt was owed.

123.   By failing to properly identify the creditor to whom the subject debt is owed, in addition to failing to following and violating Section 1692g(a)(2) of the FDCPA, Defendants violated Section 1692e(10) of the FDCPA.

124.   Despite Plaintiff never knowingly agreed to receive or be billed for lab services from LabCorp, the Collection Letter refers to "LabCorp" and fails to explain what it means by the word "LabCorp", nor is "LabCorp" identified as the creditor to whom the subject debt is allegedly owed.

125.   The Collection Letter stated "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due".

126.   Plaintiff was distressed and confused when he read the above statement because the Collection Letter did not explain whether or how Plaintiff allegedly incurred a subject debt with LabCorp.

127.   Despite never agreeing to receive lab services from LabCorp, Defendants violated Section 1692e(10) of the FDCPA by stating in the form Collection Letter that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

128.   Plaintiff was scared when he read this statement because he had health care needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

129.   Defendants acted in violation of Section 1692e(10) of the FDCPA by threatening stating that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

130.   As set forth above, the complained of conduct violated Section 1692e(10) of the FDCPA and caused Plaintiff to suffer concreate and particularized injuries that can be remedied on an individual and class wide basis.

131.   Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants'

use of similar form Collection Letter violated Plaintiff and class members rights that are provided by Section 1692e(10) of the FDCPA.

132.    WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

    a.  Declare that subject form Collection Letter violates Section 1692e(10) of the FDCPA;

    b.  Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    c.  In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    d.  Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

    e.  Award Plaintiff reasonable attorney's fees and costs.

**Count VI – Violations of §1692e(11)**

133.    Plaintiff incorporates the above allegations as if fully set forth below in this Count:

134.    Section 1692e(11) of the FDCPA prohibits debt collectors from "fail[ing] to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose[.]"

135.    As set forth above, the complained of conduct violated Section 1692e(11) of the FDCPA by failing to include the above disclosure in the subject from Collection Letter.

136. Defendants' violation caused Plaintiff to suffer concrete and particularized injuries that can be remedied on an individual and class wide basis.

137. Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of similar form Collection Letters violated Plaintiff and class members rights that are provided by Section 1692e(11) of the FDCPA.

138. WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

  a. Declare that subject form Collection Letter violates Section 1692e(11) of the FDCPA;

  b. Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

  c. In In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

  d. Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

  e. Award Plaintiff reasonable attorney's fees and costs.

**Count VII – Violations of §1692e(12)**

139. Plaintiff incorporates the above allegations as if fully set forth below in this Count:

140. Section 1692e(12) of the FDCPA prohibits debt collectors from making a

"false representation or implication that accounts have been turned over to innocent purchasers for value."

141.   As set forth above, Plaintiff never agreed to receive or be billed for lab services from LabCorp and never understood that LabCorp was performing lab services.

142.   The subject Collection Letter failed to properly identify the creditor to whom the subject debt was owed.

143.   By failing to properly identify the creditor to whom the subject debt is owed, in addition to failing to following and violating Section 1692g(a)(2) of the FDCPA, Defendants violated Section 1692e(12) of the FDCPA by plausibly suggesting that the subject debt has been turned over to a third party for collection purposes.

144.   Despite Plaintiff never knowingly agreed to receive or be billed for lab services from LabCorp, the Collection Letter refers to "LabCorp" and fails to explain what it means by the word "LabCorp", nor is "LabCorp" identified as the creditor to whom the subject debt is allegedly owed.

145.   The Collection Letter stated "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due".

146.   Despite never agreeing to receive lab services from LabCorp, Defendants violated Section 1692e(12) of the FDCPA by stating in the form Collection Letter that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

147.   Plaintiff was distressed and confused when he read the above statement because the Collection Letter did not explain whether or how Plaintiff allegedly incurred a subject debt with LabCorp.

148.   Plaintiff was scared when he read this statement because he had health

care needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

149.     Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of a similar form Collection Letter violated Plaintiff and class members rights that are provided by Section 1692e(12) of the FDCPA.

150.     WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

    a.  Declare that subject form Collection Letter violates Section 1692e(12) of the FDCPA;

    b.  Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    c.  In In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    d.  Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

    e.  Award Plaintiff reasonable attorney's fees and costs.

**Count VIII – Violations of §1692e(14)**

151.     Plaintiff incorporates the above allegations as if fully set forth below in this Count:

152.     Section 1692(e)(14) of the FDPCA prohibits "[t]he use of any business,

company, or organization name other than the true name of the debt collector's business, company, or organization."

153.   The Collection Letter stated that "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due".

154.   Despite Plaintiff never knowingly agreed to receive or be billed for lab services from LabCorp, the Collection Letter refers to "LabCorp" and fails to explain what it means by the word "LabCorp", nor is "LabCorp" identified as the creditor to whom the subject debt is allegedly owed.

155.   The subject Collection Letter violated § 1692(e)(14) because the Letter failed to utilize the true name of the true debt collector(s) at issue.

156.   In attempting to collect the subject laboratory debt and other similar laboratory debt owed to other consumers in the name of LCA COLLECTIONS, Defendant LCA used a name *other than its own* to suggest that a different entity, LCA COLLECTIONS, was collecting or attempting to collect consumer debts.

157.   The subject Collection Letter violated § 1692(e)(14) to the extent it used LCA COLLECTIONS was using an alias in the collection of consumer debts in violation of 15 U.S.C. § 1692e(14).

158.   Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of a similar form Collection Letter violated Plaintiff and class members rights that are provided by Section  1692e(14) of the FDCPA.

159.   WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

a. Declare that subject form Collection Letter violates Section 1692e(14) of the FDCPA;

b. Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

c. In In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

d. Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

e. Award Plaintiff reasonable attorney's fees and costs.

**Count IX – Violations of §1692f**

160.   Plaintiff incorporates the above allegations as if fully set forth below in this Count:

161.   Section 1692f of the FDPCA prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

162.   As set forth above, Plaintiff never agreed to receive or be billed for lab services from LabCorp and never understood that LabCorp was performing lab services.

163.   The subject Collection Letter failed to properly identify the creditor to whom the subject debt was owed.

164.   By failing to properly identify the creditor to whom the subject debt is owed, in addition to failing to following and violating Section 1692g(a)(2) of the FDCPA, Defendants violated Section 1692f of the FDCPA.

165.   Despite Plaintiff never knowingly agreed to receive or be billed for lab services from LabCorp, the Collection Letter refers to "LabCorp" and fails to explain what it means by the word "LabCorp", nor is "LabCorp" identified as the creditor to whom the

subject debt is allegedly owed.

166.   The Collection Letter stated "[o]ur records indicate your debt to LabCorp has not been satisfied and is seriously past due".

167.   Plaintiff was distressed and confused when he read the above statement because the Collection Letter did not explain whether or how Plaintiff allegedly incurred a subject debt with LabCorp.

168.   Despite never agreeing to receive lab services from LabCorp, Defendants violated Section 1692f of the FDCPA by unfairly stating in the form Collection Letter that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

169.   Plaintiff was scared when he read this statement because he had healthcare needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

170.   Defendants unfairly acted in violation of Section 1692f of the FDCPA by threatening stating that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances" and that "[f]ailure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score."

171.   Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of a similar form Collection Letter violated Plaintiff and class members rights that are provided by Section 1692f of the FDCPA.

172.    WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

    a. Declare that subject form Collection Letter violates Section 1692f of the FDCPA;

    b. Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    c. In In addition to Paragraph (b), certify a class of all consumers within this judicial district and/or all judicial districts of this Fifth Circuit Court of Appeals that are located within the state of Texas who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

    d. Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

    e. Award Plaintiff reasonable attorney's fees and costs.

**Count X – Violations of §1692g**

173.    Plaintiff incorporates the above allegations as if fully set forth below in this Count:

174.    The form Collection Letter failed to inform Plaintiff and putative class members of important statutory rights that Section 1692g(a) requires debt collectors to provide to consumers.

175.    The form Collection Letter failed to clearly inform Plaintiff and putative class members as to "the name of the creditor to whom the debt is owed" as required by 15 U.S.C. § 1692g(a)(2).

176.    By failing to clearly inform Plaintiff and putative class members as to "the name of the to whom the debt is owed" as required by Section 1692g(a)(2), Plaintiff and other putative class members were confused as to the identity of the creditor to whom

the subject debt was allegedly owed.

177.   By failing to clearly inform Plaintiff and putative class members as to "the name of the creditor to whom the debt is owed", Defendants prevented Plaintiff and putative class members from directly contacting the true creditor to seek for supporting documentation or to question the nature of the charges.

178.   Further, Plaintiff was scared as a result of reading the Collection Letter because he did not understand why he allegedly owed the subject debt. Plaintiff has healthcare needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

179.   Because the form Collection Letter Plaintiff failed to clearly identify "the name of the creditor to whom the debt is owed", Plaintiff felt anxious, confused stressed out receive a letter seeking to collect a debt he did not authorize and was otherwise unfamiliar with.

180.   The form Collection Letter failed to inform Plaintiff and putative class members "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". 15 U.S.C. § 1692g(a)(3).

181.   The form Collection Letter mislead Plaintiff as to the nature of his rights afformed by Section 1692g(a)(3) of the FDCPA because Plaintiff would have disputed the validity of the debt in writing if the Collection Letter had informed him of his right to do so.

182.   The form Collection Letter failed to inform Plaintiff and putative class members "that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector". 15 U.S.C. § 1692g(a)(4).

183.   The form Collection Letter mislead Plaintiff as to the nature of his rights afformed by Section 1692g(a)(4) of the FDCPA because Plaintiff would have asked for verification of the identified debt to be mailed to him.

184.   The form Collection Letter failed to inform Plaintiff and putative class members "that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5)

185.   The form Collection Letter mislead Plaintiff as to the nature of his rights afformed by Section 1692g(a)(5) of the FDCPA because Plaintiff would have written and asked for the name and address of the original creditor (and the current creditor) if the Collection Letter had informed him of his right to do so.

186.   Common questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including whether, within the one (1) year preceding the mailing of the 03/28/20 form Collection Letter, Defendants' use of a similar form Collection Letter violated Plaintiff and class members rights that are provided by Section 1692g of the FDCPA

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and the proposed class members and against one or more of the Defendants:

   a.   Declare that subject form Collection Letter violates Section 1692g of the FDCPA;

   b.   Declare that Plaintiff and his counsel have satisfied all of the elements of FRCP 23(a)(1)-(4) and 23(b) and certify a class of all consumers within this jurisdiction who were sent the subject form

Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

c. In addition to Paragraph (b), certify a class of all consumers within the judicial districts that comprise the Fifth Circuit Court of Appeals who were sent the subject form Collection Letter within one year from the filing of this putative class action and until the form Collection Letter is properly modified;

d. Award Plaintiff and the putative class members statutory damages and actual damages where records show that class members paid any of or a portion of the amounts owed;

e. Award Plaintiff reasonable attorney's fees and costs.

**Count XI – Violations of the TDCA**

187.    Plaintiff incorporates the above allegations as if fully set forth below in this Count:

188.    Section 392.301(1) of the TDCA defines "Consumer" to mean "an individual who has a consumer debt."

189.    Section 392.301(2) of the TDCA defines "Consumer debt" to mean "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction."

190.    Section 392.301(3) of the TDCA defines "Creditor" to mean "a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers"

191.    Section 392.301(5) of the TDCA defines "Debt collection" to mean "conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor."

192.    Section 392.301(6) of the TDCA defines "Debt collector" to mean "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts."

193.   Section 392.301(7) of the TDCA defines "Third-party debt collector" to mean "a debt collector, as defined by 15 U.S.C. Section 1692a(6)".

194.   Defendants, by approving or causing the Collection Letter to be sent to Plaintiff, considered Plaintiff to be a "consumer" who owed a "consumer debt" as these terms are defined by Sections 392.301(1)-(2) of the TDCA, engaged in "debt collection" as this terms is defined by acted Section 392.301(5) of the TDCA and acted as a "debt collector" as this term is defined by Section 392.301(6) of the TDCA.

195.   Alternatively, one or more of the Defendants, by approving or causing the form Collection Letter to be sent to Plaintiff, considered Plaintiff to be a "consumer" who owed a "consumer debt" as these terms are defined by Sections 392.301(1)-(2) of the TDCA, engaged in "debt collection" as this terms is defined by acted Section 392.301(5) of the TDCA and acted as a "third-party debt collector" this term is defined by Section 392.301(7) of the TDCA.

196.   Section 392.301(a)(8) of the TDCA prohibits a debt collector from "threatening to take any actions prohibited by law."

197.   Defendants' form Collection Letter violated 392.301(a)(8) of the TDCA by improperly suggesting that "LabCorp reserves the right to refuse laboratory services for failure to pay past due balances."

198.   Section 392.304(a)(1)(A) of the TDCA prohibits a debt collector from "using a name other than the: (A) true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection[.]"

199.   Defendants' form Collection Letter violated 392.304(a)(1)(A) of the TDCA because the Collection Letter used a name other than the true business or professional name or the true personal or legal name of the debt collector.

200.   Section 392.304(a)(3) of the TDCA prohibits a debt collector from

"representing falsely that the debt collector has information or something of value for the consumer in order to solicit or discover information about the consumer".

201.   Defendants' form Collection Letter violated Section 392.304(a)(3) of the TDCA because the Collection Letter threated to withhold future lab services despite Plaintiff never contracting o receive laboratory services from LabCorp.

202.   Section 392.304(a)(4) of the TDCA prohibits a debt collector from "failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money".

203.   Defendants' form Collection Letter violated Section 392.304(a)(4) of the TDCA because the Collection Letter failed to clearly identify the name of the person to whom the debt has been assigned or is owed".

204.   Section 392.304(a)(5) of the TDCA prohibits a debt collector from "in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action: (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor".

205.   Defendants' form Collection Letter violated Section 392.304(a)(5) of the TDCA because the Collection Letter failed to include any of the above disclosures.

206.   Section 392.304(a)(6) of the TDCA prohibits a debt collector from "using a written communication that fails to indicate clearly the name of the debt collector."

207.   Defendants' form Collection Letter violated Section 392.304(a)(6) of the TDCA because the Collection Letter failed to indicate clearly the name of the debt

collector.

208.    Section 392.304(a)(7) of the TDCA prohibits a debt collector from: "using a written communication that demands a response to a place other than the debt collector's or creditor's street address or post office box".

209.    Defendants' form Collection Letter violated Section 392.304(a)(7) of the TDCA because the Collection Letter did not comply with the requirements of Section 392.304(a)(7).

210.    Section 392.304(a)(8) of the TDCA prohibits a debt collector from: "misrepresenting the character, extent, or amount of a consumer debt".

211.    Defendants' form Collection Letter violated Section 392.304(a)(8) of the TDCA because the Collection Letter misrepresented the character and extent of the subject debt.

212.    Section 392.306 of the TDCA states that "[a] creditor may not use an independent debt collector if the creditor has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter."

213.    Plaintiff was scared after he read the Collection Letter because he had healthcare needs that needed attending to and he was worried that he would be refused necessary laboratory services in relation to an alleged debt that he did not believe to owe.

214.    Defendants' violations of the TDCA caused Plaintiff to suffer actual harm. In particular, Plaintiff was concerned about the basis for the subject debt and whether the subject debt was being reported on his credit report. In an attempt to investigate the origins of the alleged debt and determine whether the debt was being reported, Plaintiff spent more than an hour of his time investigating the nature of the subject debt,

attempted to obtain proof as to whether he incurred the subject debt, obtained his credit report, attempted to set up creditor monitoring of the subject debt and consulting with legal counsel.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and against one or more of the Defendants:

a. Declare that subject form Collection Letter violates one or more of the above identifies Sections of the TDCA and enjoin Defendants from violating one or more of the above identified Sections of the TDCA as afforded by Section 392.403(a)(1) of the TDCA;

b. Award Plaintiff actual and statutory damages for Defendants' violations of the TDCA as afforded by Sections 392.403(a)(2) and 392.403(e) of the TDCA;

c. Award attorney's fees and costs reasonably related to the work performed to prosecute this civil action.

## **Jury Demand**

Plaintiff demands a jury trial as to all applicable claims

*/s/ Omar T. Sulaiman*

Omar T. Sulaiman
James C. Vlahakis*                                    Dated: 12/28/2020
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone: (630) 575-8181
jvlahakis@sulaimanlaw.com
osulaiman@sulaimanlaw.com

*Counsel for Plaintiff and the proposed class members*
(*W.D. Bar Application to be applied for)